## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 11-11068 |
| NEW ORLEANS AUCTION GALLERIES, INC. | SECTION "A" |
| DEBTOR | CHAPTER 11 |

---

DAVID ADLER, TRUSTEE OF
NOAG LITIGATION TRUST

ADV. NO. 11-_____

VERSUS

M.S. RAU ANTIQUES, LLC

### Complaint for Recovery of Pre-Petition Transfers

David Adler, Trustee of the NOAG Litigation Trust (the "*Trustee*"), who is authorized pursuant to Section 7.2 of New Orleans Auction Galleries, Inc.'s Chapter 11 Plan of Reorganization ("*Plan*") to pursue certain claims of the estate, hereby submits this Complaint for Recovery of Post-Petition Transfers.

### JURISDICTION AND VENUE

1.

This court has jurisdiction over this matter under 28 U.S.C. §1334.

2.

The United States District Court for the Eastern District of Louisiana ("District Court") has jurisdiction to consider this matter under 28 U.S.C. §1334 and 28 U.S.C. §157(a) & (b)(2)(A), (B), (F), and (H) as core matters arising in, arising under, and/or related to New Orleans Auction Galleries, Inc.'s (NOAG) bankruptcy case under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

1

3.

Alternatively, pursuant to 28 U.S.C. §157(b), this Court also has authority to hear any non-core claims presented herein or which arise out of the Debtors' bankruptcy cases.

4.

Venue is proper in this district pursuant to 28 U.S.C. §1409.

## BACKGROUND AND PARTIES

5.

On April 1, 2011, NOAG filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. Case Number 11-11068.

6.

On June 1, 2012, this Court entered the order confirming the Plan and the Plan became effective on July 6, 2012. *See* **11-11068, Docket No. 477**.

7.

Pursuant to Section 7.2 of the Plan, the Trust was created and certain causes of action were transferred to the Trust. *See* **11-11068, Docket Nos 423, 446, and 454**. Further, the Trustee was appointed as a representative of the Debtor's estate under 11 U.S.C. §1123(b) to pursue those claims. The Trustee is the proper party to prosecute, defend against, and settle all claims and objections asserted in this lawsuit. *See* the Plan at Section 7.2 and 11 U.S.C. §1123(b).

6.

Defendant, M.S. Rau Antiques, LLC, formerly known as M.S. Rau, Inc., is a Louisiana limited liability company which may be served through its registered agent, William D. Rau, at 630 Royal Street, New Orleans, Louisiana, 70130.

2

## BACKGROUND

8.

In December 1998, the Debtor, MS Rau (then MS Rau Inc.), and certain officers of the Debtor, including Jean Vidos, entered into a credit agreement whereby MS Rau agreed to lend, and to guarantee existing debt of the Debtor, in the aggregate amount of $1.25 Million (the "*Indebtedness*").

9.

Jean Vidos, the President of the Debtor, executed a personal guaranty securing the Indebtedness. Contemporaneously, Jean Vidos, who was and is the principal stockholder in the Debtor, executed a pledge of issued and outstanding stock in the Debtor in favor of MS Rau as further security for the Debt owed by the Debtor.

10.

On or about April 7, 2010, the Debtor transferred an interest of the Debtor in property of $6,250.00 to M.S. Rau. On or about July 25, 2010, the Debtor transferred an interest of the Debtor in property in the amount of $28,125.00 to M.S. Rau. On or about October 5, 2010, the Debtor transferred an interest of the Debtor in property in the amount of $6,250.00 to M.S. Rau. On or about October 26, 2010, the Debtor transferred an interest in property of the Debtor in the amount of $6,250.00.

11.

On February 1, 2011, M.S. Rau attempted to put the Debtor into default by delivery of a notice of default to New Orleans Auction and Jean Vidos.

3

12.

On February 8, 2011, as cure for the alleged default, New Orleans Auction tendered to M.S. Rau payment in the amount of $50,000.00 (the "*February 8 Transfer*," or, together with the transfers described in paragraph 10, the "*Transfers*") which M.S. Rau accepted.

## CLAIM FOR RELIEF

### Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547(b) and 550; Or, In the Alternative, Pursuant to 11 U.S.C. §§ 544, 548 and 550

**A.     Avoidance and Recovery of Preferential Transfers Within One Year**

13.

The Plaintiff repeats the allegations contained in paragraphs 1 through 12 of this Complaint and incorporates them by this reference as though they were set forth in full here.

14.

Before the Petition Date, M.S. Rau was a creditor of the Debtor.

15.

On or within one year before the Petition Date, the Plaintiff transferred property in which the Plaintiff had an interest to M.S. Rau totaling not less than $96,875.

16.

Each of the Transfers was made to, or for the benefit of an insider at the time of the transfer, insofar as M.S. Rau held a security interest in the stock of the Debtor and exercised control over the Debtor. The payments furthermore benefited an insider—Jean Vidos—insofar as the indebtedness was guarantied by the Debtor's president. Assuming *arguendo* M.S. Rau was not

4

an insider at the time of the transfers which occurred prior to 90 days before the Petition Date, M.S. Rau was an insider of the Debtor at the relevant time required by Section 547(i).

17.

The Debtor made the Transfers for, or on account of, antecedent debt(s) owed by the Debtor to M.S. Rau.

18.

At the time of the Transfers, the Debtor was insolvent within the meaning of 11 U.S.C. §101(32).

19.

The Transfers enabled M.S. Rau to receive more than it would receive as a creditor if: (i) the case was under Chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; or (iii) M.S. Rau had received payment on the debt in accordance with the provisions of the Bankruptcy Code.

20.

Pursuant to 11 U.S.C. § 547, the Plaintiff is entitled to avoid each of the Transfers.

21.

Pursuant to 11 U.S.C. § 550(a)(1), the Plaintiff is entitled to recover the sum of $96,875 from M.S. Rau plus prejudgment and postjudgment interest in an amount to be determined by the Court.

**B.      Avoidance and Recovery of Preferential Transfers Within 90 Days**

22.

The Plaintiff repeats the allegations contained in paragraphs 1 through 21 of this Complaint and incorporates them by this reference as though they were set forth in full here.

23.

Before the Petition Date, M.S. Rau was a creditor of the Debtor.

24.

On or within ninety (90) days before the Petition Date, the Plaintiff transferred property in which the Plaintiff had an interest to M.S. Rau totaling not less than $50,000.

25.

The February 8 Transfer was made to, or for the benefit of M.S. Rau.

26.

The Debtor made the February 8 Transfer for, or on account of, antecedent debt(s) owed by the Debtor to M.S. Rau.

27.

At the time of the February 8 Transfer, the Debtor was insolvent within the meaning of 11 U.S.C. §101(32).

28.

The February 8 Transfer enabled M.S. Rau to receive more than it would receive as a creditor if: (i) the case were under Chapter 7 of the Bankruptcy Code; (ii) the February 8 Transfer had not been made; or (iii) M.S. Rau had received payment on the debt in accordance with the provisions of the Bankruptcy Code.

29.

Pursuant to 11 U.S.C. § 547, the Plaintiff is entitled to avoid the February 8 Transfer.

30.

Pursuant to 11 U.S.C. § 550(a)(1), the Plaintiff is entitled to recover the sum of $50,000 from M.S. Rau plus prejudgment and postjudgment interest in an amount to be determined by the Court.

C.   **Alternative Claim-Avoidance and Recovery of Fraudulent Transfers**

31.

Pleading in the alternative, the Plaintiff repeats the allegations contained in paragraphs 1 through 21 of this Complaint and incorporates them by this reference as though they were set forth in full here.

32.

Within the one (1) year period prior to the Petition Date, the Debtor made the Transfers to M.S. Rau.

33.

The Transfers constitute a transfer of interests of the Debtor in property.

34.

The Debtor made the Transfers with actual intent to hinder, delay, or defraud other entities to which the Debtor was indebted at the time the Transfers were made.

35.

Alternatively, the Debtor received less than reasonably equivalent value in exchange for some or all of the Transfer(s), and (i) was insolvent on that date the Transfers were made or became insolvent as a result of such Transfers; (ii) was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was

7

unreasonably small capital; or (iii) intended to incur, or believed the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts become mature.

36.

Pursuant to 11 U.S.C. §548, the Plaintiff is entitled to avoid the Transfers. Alternatively, the Plaintiff is entitled to avoid the Transfer pursuant to 11 U.S.C. §544 and La. C.C. Art. 2036, *et seq.*.

37.

Pursuant to 11 U.S.C. §§550(a), the Plaintiff is entitled to recover the sum of no less than $96,785.00 from M.S. Rau plus prejudgment and postjudgment interest in an amount to be determined by the Court.

## **Reservation of Rights**

38.

The Plaintiff specifically reserves all rights to seek amendment of this Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure which is made applicable herein pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure.

**WHEREFORE**, the Plaintiff respectfully prays that this Court:

a) enter judgment in favor of Trustee and against M.S. Rau Antiques, LLC in the amount of $96,875 plus prejudgment and postjudgment interest;

b) direct M.S. Rau Antiques, LLC to pay to Trustee the sum of $96,875 plus prejudgment and postjudgment interest in an amount to be determined by the Court;

c) enter an order disallowing any claim of M.S. Rau Antiques, LLC until Defendant pays the amount of the judgment:

LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD

Respectfully submitted,

STEWART F. PECK (#10403)
CHRISTOPHER T. CAPLINGER (#25357)
BENJAMIN W. KADDEN (#29927)
JOSEPH P. BRIGGETT (#33029)
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
*Attorneys for the Trustee*

Please serve:

MS Rau Antiques, LLC
Through its registered agent, William D. Rau
630 Royal St.
New Orleans, LA 70130

9